UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH FRANCIS WILLIAMS, SR.,

      Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

No. 15-CV-6719 (KMK)(PED)

ORDER ADOPTING
REPORT & RECOMMENDATION

KENNETH M. KARAS, District Judge:

 On December 14, 2016, Magistrate Judge Paul E. Davison issued a thorough Report & Recommendation ("R&R") recommending that the Court deny Plaintiff's Motion for Judgment on the Pleadings and grant Defendant's Cross-Motion for Judgment on the Pleadings. (Report & Recommendation ("R&R") (Dkt. No. 24).) Plaintiff timely filed objections to the R&R on December 27, 2016. (*See* Pl.'s Obj's to R&R ("Pl.'s Obj's") (Dkt. No. 25).) Defendant filed a response to Plaintiff's objections on January 10, 2017. (*See* Def.'s Response to Pl.'s Obj's (Dkt. No. 26).)

 A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Bradley v. Comm'r of Soc. Sec.*, No. 12-CV-7300, 2015 WL 1069307, at *1 (S.D.N.Y. Mar. 11, 2015) (same). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), parties may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). When a party submits timely and specific objections to a report and recommendation, the district court reviews de novo the parts of the

report and recommendation to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Bradley*, 2015 WL 1069307, at *1. Further, the district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 72(b)(2)); *see also Alverio v. Colvin*, No. 13-CV-4722, 2015 WL 1062411, at *1 (S.D.N.Y. Mar. 9, 2015) ("When the parties make no objections to the [r]eport [and recommendation], the [c]ourt may adopt [it] if there is no clear error on the face of the record." (internal quotation marks omitted)).

However, objections that are "merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate's recommendations." *Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (italics omitted); *see also Assenheimer v Comm'r of Soc. Sec.*, No. 13-CV-8825, 2015 WL 5707164, at *2 (S.D.N.Y. Sept. 29, 2015) (same); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (same).

Plaintiff's objections to the R&R do not simply rehash the arguments presented to Judge Davison, but are at times *verbatim* recitations of the arguments considered and rejected by Judge Davison in Plaintiff's Motion for Judgment on the Pleadings. (*Compare* Pl.'s Obj's 2–6 *with* Pl.'s Mem. of Law in Supp. of Judgment on Pleadings ("Pl.'s Mem.") 14–17 (Dkt. No. 17) (discussing ALJ's duty to develop the record); *compare* Pl.'s Obj's 6–7 *with* Pl.'s Mem. 18–20 (discussing proper weight of treating physician's opinion); *compare* Pl.'s Obj's 7–10 *with* Pl.'s Mem. 20–21 (discussing ALJ's determination of Plaintiff's credibility); *compare* Pl.'s Obj's 10–12 *with* Pl.'s Mem. 22–23 (discussing vocational expert testimony and Plaintiff's due process

rights).)[1] Because of this, Plaintiff's objections "are reviewed only for clear error." *Faucette v. Comm'r of Soc. Sec.*, No. 13-CV-4851, 2015 WL 5773565, at *3 (S.D.N.Y. Sept. 30, 2015); *see also Hollaway v. Colvin*, No. 14-CV-5165, 2016 WL 1275658, at *2 (S.D.N.Y. Mar. 31, 2016) ("Clear error review is especially appropriate where the objections are merely copied verbatim from the objecting party's earlier briefing."); *Weinrauch v. N.Y. Life Ins. Co.*, No. 12-CV-5010, 2013 WL 1100809, at *2 (S.D.N.Y. Mar. 18, 2013) (reviewing objections for clear error where the objector "rehashe[d] his previous arguments to" the Magistrate Judge, and "indeed, the majority of his objection [was] verbatim quotation from his previous submission").

Because Plaintiff has not lodged any specific objections that do not merely rehash the arguments presented to Judge Davison, the Court has reviewed the R&R for clear error. Finding no error, clear or otherwise, the Court adopts the R&R in its entirety.[2]

---

[1] There are numerous examples of Plaintiff copying the instant objections directly from his Motion to Judge Davison. In his objections, Plaintiff argues "it was prejudicial for the ALJ not to obtain the opinions from treating sources since the treating physician rule requires 'deference to the views of the physician who has engaged in the primary treatment of the claimant' in determining the nature and severity of the claimant's impairment." (Pl.'s Obj's 4. (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).) Yet, Plaintiff made this same argument—using the same language and case law—to Judge Davison, who addressed and rejected it. (Pl.'s Mem. 16.) Similarly, Plaintiff argues in his objections that "[t]he ALJ applied the wrong legal standard when assessing Mr. William's credibility." (Pl.'s Obj's 9). Again, plaintiff, made this argument—*verbatim*—in his Motion before Judge Smith. (Pl.'s Mem. 21.)

[2] To be clear, a de novo review would yield the same result.

3

Accordingly, it is hereby

ORDERED that Plaintiff's Motion is denied and Defendant's Motion is granted. The Clerk of Court is respectfully directed to terminate the pending Motions, (Dkt. Nos. 16, 18), and close this case.

Dated: September 28, 2017
       White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE